UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-748 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| VILLAGE OF AVELLINO HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is a joint motion for summary judgment (ECF No. 21) filed by defendants Village of Avellino Homeowners Association (the "HOA") and Absolute Collection Services, LLC ("ACS"), to which plaintiff Bank of America, N.A. ("BANA") joined (ECF No. 24).

This case involves a dispute over real property located at 1181 Via Vinci, Henderson, Nevada, 89052 (the "property"). On July 23, 2011, Patrik Sirl obtained a loan in the amount of $148,017.00 to purchase the property, which was secured by a deed of trust recorded on July 29, 2011. (ECF No. 1).

The deed of trust was assigned to BANA via an assignment of deed of trust recorded July 27, 2012. (ECF No. 24 at 2).[1]

On January 3, 2013, ACS acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $1,250.16. (ECF No. 1). On March 1, 2013, ACS

---

[1] While BANA's motion to join asserts that the deed of trust was transferred to BANA, BANA's complaint fails to set forth any such assertion.

**James C. Mahan**
**U.S. District Judge**

| | |
|---|---|
| 1 | recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an |
| 2 | amount due of $2,080.96. (ECF No. 1). |
| 3 | On April 11, 2013, BANA requested a ledger from the HOA/ACS identifying the |
| 4 | superpriority amount allegedly owed to the HOA. (ECF No. 1). On April 18, 2013, the HOA/ACS |
| 5 | provided a ledger stating a total amount due of $2,704.57, $2,249.57 of which constituted the |
| 6 | superpriority portion of the lien. (ECF No. 1-1). BANA calculated the superpriority amount to be |
| 7 | $855.00 and tendered that amount to ACS on May 16, 2013, which ACS allegedly accepted. (ECF |
| 8 | No. 1). |
| 9 | On October 30, 2013, ACS recorded a notice of trustee's sale, stating an amount due of |
| 10 | $3,470.38. (ECF No. 1). On February 11, 2014, defendant Daniel Fields ("Fields") purchased the |
| 11 | property at the foreclosure sale for $10,100.00. (ECF No. 1). A trustee's deed upon sale in favor |
| 12 | of Fields was recorded on February 12, 2014. (ECF No. 1). |
| 13 | Fields conveyed the property to defendant Via Vinci Revocable Trust ("Via Vinci") via a |
| 14 | grant, bargain, sale deed recorded September 16, 2015. (ECF No. 1). |
| 15 | On April 5, 2016, BANA filed the underlying complaint, alleging four causes of action: |
| 16 | (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against |
| 17 | ACS and the HOA; (3) wrongful foreclosure against ACS and the HOA; and (4) injunctive relief |
| 18 | against Via Vinci. (ECF No. 1). |
| 19 | Defendants Fields and Via Vinci were served by publication. (ECF Nos. 19, 20). The |
| 20 | clerk's entry of default as to Via Vinci was entered on November 4, 2016. (ECF No. 23). The |
| 21 | clerk's entry of default as to Fields was entered April 21, 2017. (ECF No. 32). |
| 22 | In the instant motion, the HOA, ACS, and BANA jointly move for summary judgment in |
| 23 | favor of BANA. (ECF Nos. 21, 24). |
| 24 | The clerk has entered default against defendants Fields and Via Vinci. (ECF Nos. 23, 32). |
| 25 | Therefore, the motion for summary judgment (ECF No. 21) will be denied as moot. |
| 26 | Accordingly, |
| 27 | IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for |
| 28 | summary judgment (ECF No. 21) be, and the same hereby is, DENIED as moot. |

IT IS FURTHER ORDERED that BANA's motion to join (ECF No. 24) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendants' proposed order (ECF No. 26) be, and the same hereby is, STRICKEN.

DATED July 7, 2017.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE