UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BANK OF AMERICA, N.A.,

Plaintiff(s),

v.

VILLAGE OF AVELLINO HOMEOWNERS ASSOCIATION, et al.,

Defendant(s).

Case No. 2:16-CV-748 JCM (PAL)

ORDER

Presently before the court is plaintiff Bank of America, N.A.'s ("BANA") motion for default judgment. (ECF No. 33).

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual

James C. Mahan
U.S. District Judge

allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

BANA filed a motion for entry of clerk's default as to defendant Via Vinci Revocable Trust ("Via Vinci"). (ECF No. 22). On November 4, 2016, the clerk entered default as to Via Vinci. (ECF No. 23).

In the instant motion, BANA seeks a default judgment that Via Vinci acquired its ownership in real property located at 1181 Via Vinci, Henderson, Nevada 89502 subject to the senior deed of trust recorded against the property on July 29, 2011. (ECF No. 33).

After considering the foregoing, the court finds good cause to grant BANA's motion for default judgment. All of the *Eitel* factors favor judgment in BANA's favor. *See Eitel*, 782 F.2d at 1471–72. BANA will be prejudiced if default judgment is not entered, as it will be left without recourse to establish its superior claim to title. Further, there is little possibility of dispute concerning material facts, as all appearing defendants agree on the material facts and governing precedent. Moreover, BANA has properly complied with Rule 55, and Via Vinci has had ample opportunity to participate in the litigation. Therefore, the court will grant BANA's motion for default judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that BANA's motion for default judgment (ECF No. 33) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that BANA shall prepare and file an appropriate judgment for the court's signature consistent with the foregoing within fourteen (14) days of the entry of this order.

DATED February 26, 2018.

                                                                                       UNITED STATES DISTRICT JUDGE